

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-4-2005

# Ramos v. Holt

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4193

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Ramos v. Holt" (2005). *2005 Decisions*. Paper 256.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/256

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 05-4193

———————

STEVEN RAMOS,
Appellant

v.

WARDEN RONALD HOLT,
FCI SCHUYLKILL

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(D.C. Civil No. 05-cv-00739)
District Judge:  Honorable Yvette Kane

_____

Submitted For Possible Summary Action
Under Third Circuit L.A.R. 27.4 and I.O.P. 10.6
October 20, 2005

Before:  RENDELL, AMBRO and BECKER, <u>Circuit</u> <u>Judges</u>

(Filed November 4, 2005 )

———————

OPINION OF THE COURT

———————

PER CURIAM

Steven Ramos appeals from the District Court's order dismissing his petition for a writ of

habeas corpus under 28 U.S.C. § 2241.  Because Ramos' appeal presents no substantial

question, we will grant the Government's motion for summary affirmance.

In January 1993, the United States District Court for the Southern District of New York sentenced Ramos to 480 months in prison for committing several offenses in the course of participating in a heroin distribution ring. The United States Court of Appeals for the Second Circuit affirmed. United States v. Melendez, 60 F.3d 41 (2d Cir. 1995). In August 2001, the sentencing court denied Ramos' motion to vacate his sentence under 28 U.S.C. § 2255. Rosario v. United States, 2001 WL 1006641 (S.D.N.Y. Aug. 30, 2001). The Second Circuit denied Ramos' request for permission to file a second or successive § 2255 motion. Ramos v. United States, No. 05-0659 (2d Cir. Mar. 9, 2005).

In April 2005, Ramos filed the current habeas corpus petition under § 2241 in the Middle District of Pennsylvania, the judicial district in which he is currently incarcerated. Ramos attempts to challenge his conviction and sentence under Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). The District Court concluded that Ramos could not proceed under § 2241, and dismissed his habeas petition without prejudice to seek authorization from the Second Circuit to file a second or successive § 2255 motion. Ramos appeals.

Section 2255 provides the presumptive means by which a federal prisoner can challenge his conviction or sentence. See Davis v. United States, 417 U.S. 333, 343 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by

2

§ 2255 is inadequate or ineffective to test the legality of his detention.  See § 2255; In re Dorsainvil, 119 F.3d 245, 249-51 (3d Cir. 1997).  "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his claims."  Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002).  Section 2255 is not inadequate or ineffective because the petitioner is unable to meet certain procedural requirements, such as the one-year period of limitation or the requirements for filing a second or successive § 2255 motion.  Id. at 539.

Specifically, we considered in Okereke v. United States, 307 F.3d 117 (3d Cir. 2002), whether § 2255 is inadequate or ineffective for a federal prisoner to challenge his sentence under Apprendi.  See Okereke, 307 F.3d at 120-21.  We explained that Dorsainvil was the "rare situation" in which an intervening change in law made the crime for which Dorsainvil had been convicted "non-criminal."  Id. at 120.  Because Apprendi dealt with sentencing and did not render a conspiracy to import heroin "not criminal," we held that § 2255 is not inadequate or ineffective to raise an Apprendi argument.  Id. at 120-21.  Similarly, § 2255 is not inadequate or ineffective to raise a claim under Booker or Blakely, each of which is an extension of Apprendi.

In short, upon consideration of Ramos' petition and "Brief and Memorandum of Law," we conclude that his appeal presents us with no substantial question.  See Third Circuit L.A.R. 27.4 and I.O.P. 10.6.  Accordingly, we grant the Government's motion for

3

summary affirmance and will affirm the District Court's order.